**Electronically Filed
Intermediate Court of Appeals
CAAP-11-0000723
31-JAN-2012
08:37 AM**

NO. CAAP-11-0000723


IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI


JIM ANDREWS and THE LANDSCAPE WORKS, INC.,
Plaintiffs-Appellees
v.
MARCUS ROSEHILL, Individually and as Trustee
of the MARCUS F. ROSEHILL REVOCABLE LIVING TRUST
and VIOLET MARIE M. ROSEHILL REVOCABLE LIVING TRUST,
Defendants-Appellants
and
DENNIS J. CLEMENT MARVI M. ROSEHILL CHING,
Co-Trustee of the MARCUS F. ROSEHILL REVOCABLE
LIVING TRUST and VIOLET MARIE M. ROSEHILL
REVOCABLE LIVING TRUST, Defendants-Appellees,
(CIVIL NO. 07-1-2393)

---

MARVI M. ROSEHILL CHING AND MARCUS ROSEHILL,
Trustees of the MARCUS F. ROSEHILL REVOCABLE LIVING TRUST
and VIOLET MARIE M. ROSEHILL REVOCABLE LIVING TRUST,
Plaintiffs-Appellees,
v.
JIM ANDREWS and THE LANDSCAPE WORKS, INC.,
Defendants-Appellees
(CIVIL NO. 06-1-1982)

---

JIM ANDREWS and THE LANDSCAPE WORKS, INC.,
Plaintiffs-Appellees,
v.
MARVI M. ROSEHILL CHING and MARCUS ROSEHILL,
Trustees of the MARCUS F. ROSEHILL REVOCABLE LIVING
TRUST and VIOLET MARIE M. ROSEHILL REVOCABLE LIVING TRUST,
Defendants-Appellees
(CIVIL NO. 06-1-1976)

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT


ORDER
(1) DISMISSING APPEAL FOR LACK OF JURISDICTION
AND
(2) GRANTING IN PART AND DENYING IN PART
THE DECEMBER 28, 2011 MOTION TO STRIKE
DEFENDANT-APPELLANT MARCUS D.E. ROSEHILL'S
JURISDICTIONAL STATEMENT AND TO DISMISS APPEAL
(By: Foley, Presiding Judge, Fujise and Leonard, JJ.)

Upon review of (1) Plaintiffs-Appellees Jim Andrews
(Appellee Andrews) and The Landscape Works, Inc.'s (Appellee
Landscape Works), December 28, 2011 motion to strike Defendant-
Appellant Marcus D.E. Rosehill's (Appellant Marcus Rosehill)
jurisdiction statement and to dismiss appeal, (2) Appellant
Marcus Rosehill's January 3, 2012 memorandum in opposition to
Appellee Andrews and Appellee Landscape Works's December 28, 2011
motion to strike Appellant Marcus Rosehill's jurisdiction
statement and to dismiss appeal, and (3) the record, it appears
that we lack jurisdiction over Appellant Marcus Rosehill's appeal
from the Honorable Rom A. Trader's September 1, 2011 judgment in
the consolidated cases of Civil No. 07-1-2393-12, Civil No. 06-1-
1982-11 and Civil No. 06-1-1976-11, and, thus, we grant in part
and deny in part Appellee Andrews and Appellee Landscape Works'
December 28, 2011 motion by dismissing Appeal NO. CAAP-11-0000723
for lack of jurisdiction.

Hawaii Revised Statutes (HRS) § 641-1(a) (1993 & Supp. 2010) authorizes appeals to the intermediate court of appeals from final judgments, orders, or decrees. Appeals under HRS § 641-1 "shall be taken in the manner . . . provided by the rules of court." HRS § 641-1(c). The supreme court has promulgated Hawai'i Rules of Civil Procedure (HRCP) Rule 58, which specifically requires that "[e]very judgment shall be set forth on a separate document." HRCP Rule 58 (emphasis added). The supreme court has held that "[a]n appeal may be taken . . . only after the orders have been reduced to a judgment and the judgment has been entered in favor of and against the appropriate parties pursuant to HRCP [Rule] 58[.]" Jenkins v. Cades Schutte Fleming & Wright, 76 Hawai'i 115, 119, 869 P.2d 1332 1338 (1994). The separate judgment must "either resolve all claims against all parties or contain the finding necessary for certification under HRCP [Rule] 54(b)." Id. For example, "a judgment or order in a consolidated case, disposing of fewer than all claims among all parties, is not appealable in the absence of [HRCP] Rule 54(b) certification." Leslie v. Estate of Tavares, 109 Hawai'i 8, 13, 122 P.3d 803, 808 (2005). "An appeal from an order that is not reduced to a judgment in favor or against the party by the time the record is filed in the supreme court will be dismissed." Jenkins, 76 Hawai'i at 120, 869 P.2d at 1339 (footnote omitted).

Although the instant case is a consolidated case that involves multiple parties and multiple claims through multiple complaints, cross-claims and third party claims, the September 1, 2011 judgment resolves only Count 11, Count 12, Count 13 and

Count 14 of Appellees Andrews and Landscape Works's January 6, 2011 amended complaint, and the September 1, 2011 judgment neither resolves the remaining claims nor contains the finding necessary for certification of a judgment on one or more but less than all claims pursuant to HRCP Rule 54(b). The September 1, 2011 judgment does not satisfy the requirements for an appealable final judgment under HRS § 641-1(a), HRCP Rule 58, and the holding in Jenkins. Absent an appealable judgment, Appellant Marcus Rosehill's appeal is premature and we lack appellate jurisdiction. Therefore, the remaining issue whether Appellant Marcus Rosehill's jurisdiction statement is timely is a moot issue. Accordingly,

IT IS HEREBY ORDERED that Appellee Andrews and Appellee Landscape Works's December 28, 2011 motion to strike Appellant Marcus Rosehill's jurisdiction statement and to dismiss appeal is granted in part and denied in part as follows: we dismiss Appeal No. CAAP-11-0000723 for lack of appellate jurisdiction, and we deny all other requested relief.

DATED: Honolulu, Hawaiʻi, January 31, 2012.

Presiding Judge

Associate Judge

Associate Judge

-4-